UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOHN D. LASSITER,

       Defendant.
_____/

Criminal Action No.
13-cr-20476

HON. MARK A. GOLDSMITH

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO OBTAIN SENTENCING TRANSCRIPTS AND PLEA AGREEMENT TRANSCRIPTS (Dkt. 17)

Defendant John D. Lassiter pled guilty on June 25, 2013 to armed bank robbery and brandishing a firearm during and in relation to a crime of violence. On November 12, 2013, the Court sentenced him to 13 years imprisonment on the first count, and 2 years imprisonment on the second count, to be served consecutively. See Judgment (Dkt. 15).

Defendant subsequently filed the instant motion, requesting a free copy of the transcripts from his plea hearing and sentencing. Def. Mot. to Obtain Sentencing Tr. and Plea Agreement Tr. (Dkt. 17). Defendant claims that his attorney advised him that, by pleading guilty, his sentences would not run consecutively. Id. at 1. Defendant asserts that had he known he would be subject to consecutive sentences, he would not have pled guilty and would have gone to trial. Id. Although Defendant has not yet filed a formal motion challenging his sentence, Defendant argues that he needs free copies of the transcripts "to effectively and truthfully spell out the facts surrounding the mentioned consecutive" sentences. Id. at 2.

1

An indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); see also 28 U.S.C. § 2250. Pursuant to 28 U.S.C. § 753(f):

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Similarly, 28 U.S.C. § 2250 provides, as follows:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

To invoke these provisions, however, Defendant must have a substantive motion for relief pending; no such motion exists here. See Corrigan v. Thomas, 55 F. App'x 754, 756 (6th Cir. 2003) ("[F]ederal prisoners are not entitled to obtain a transcript . . . at government expense under 28 U.S.C. § 753(f) for the purpose of preparing a motion to vacate when there was no motion to vacate sentence pending." (citing Ketcherside v. United States, 317 F.2d 807, 808 (6th Cir. 1963) ("[N]either Section 1915 nor Section 753(f) authorizes the furnishing of a transcript where there is no motion to vacate sentence pending in the District Court.")); see also United States v. Wheeler, No. 06-21, 2012 WL 169987, at *1 (E.D. Ky. Jan. 19, 2012) (collecting cases, and concluding that "[t]o invoke either § 2250 or § 753(f), Wheeler must have a motion for relief

2

pending" (emphasis in original)); United States v. Soler-Norona, No. 08-20669-4, 2014 WL 3689644, at *10 (E.D. Mich. July 23, 2014) ("[A]ny request for a free transcript prior to the filing of a § 2255 motion is premature and will be denied."); Silvers v. United States, No. 09-134, 2010 WL 1491955, at *2 (E.D. Tenn. Apr. 14, 2010) ("A transcript may be furnished to a federal prisoner at government expense under 28 U.S.C. § 753(f), but only after the § 2255 motion has been filed and the Court determines a transcript is necessary to decide a nonfrivolous issued raised in the § 2255 motion."); United States v. Ortega, 536 F. App'x 335 (4th Cir. 2013) (same).

Further, although Defendant conclusorily claims that he needs the transcripts to "effectively and truthfully spell out the facts surrounding" his claims, Defendant fails to explain with any particularized detail how statements that were made during the court proceedings would support his claim that counsel told him his sentences would not run consecutively. And given that Defendant was present for the proceedings, he should be able to set forth general details about what he believes was said at those hearings that supports his claim, even if he cannot quote the language precisely. See Soler-Norona, 2014 WL 3689644, at *10-11; see also Amadasu v. Mercy Franciscan Hosp., 515 F.3d 528, 530 (6th Cir. 2008) ("Conclusory allegations in support of a request for free transcripts do not satisfy" section 753(f).). Even if the anticipated section 2255 motion did not need to be filed prior to filing a motion for transcripts, Defendant has not satisfied his burden of showing a need for the transcripts at this time.[1]

Accordingly, Defendant's motion is denied without prejudice (Dkt. 17). If Defendant is interested in receiving specific transcripts or documents at his own expense before filing further

---

[1] Defendant cites Jones v. Superintendent, Virginia State Farm, 460 F.2d 150 (4th Cir. 1972), in support of his claim that he needs the transcript to frame his issues. But the Fourth Circuit held in that case that the state could constitutionally refuse to furnish a transcript to the petitioner until a need was shown for it. Therefore, Jones undermines, rather than helps, Defendant's request. See also United States v. MacCollom, 426 U.S. 317, 323-324 (1976).

3

motion(s), he may re-request them in writing pursuant to Eastern District of Michigan Local Rule 80.1.[2]

SO ORDERED.

Dated: September 11, 2014
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2014.

s/Johnetta M. Curry-Williams
JOHNETTA M. CURRY-WILLIAMS
Case Manager

---

[2] This Order should not be interpreted as providing any decision on the merits or procedural permissibility of any substantive motion Defendant may be intending to file. Nevertheless, the Court notes that the plea agreement Defendant signed specifically stated that "[D]efendant's combined guideline range is 272 to 319 months, and the mandatory minimum sentence on count two of at least seven years must run consecutive to the sentence on count one." See Plea Agreement at 3; see also id. at 5 ("The sentence on count two **must** run consecutively to the sentence on count one." (Emphasis in original)).

4