UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,         Case No. 13CR20476

v.                                      Hon. Mark Goldsmith

JOHN LASSITER,
        Defendant,
_____/

## UNITED STATES' COMBINED MOTION AND BRIEF TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT TO THE CLERK OF THE COURT

Pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), the United States of America, by its attorneys, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and T.N. Ziedas, Assistant U.S. Attorney, hereby move for the entry of an order authorizing the Bureau of Prisons to turn over to the Clerk of Court all funds held in the inmate trust account of Defendant, John Lassiter ("Defendant" or "Lassiter"), for payment of restitution ordered in this case that remain due and owing.

1

## **BRIEF IN SUPPORT**

### **Factual Background**

The defendant, John Lassiter, pleaded guilty to an information charging him with one count of armed bank robbery in violation of 18 U.S.C. § 2113(d); one count of brandishing a firearm in violation of 18 U.S.C. §924(c); and, one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 2.

On November 18, 2013, Judgment in a Criminal Case was entered against Lassiter (ECF No. 13). He was sentenced to 15 years imprisonment and 3 years of supervised release. He was also ordered to pay $398,200.00 in restitution and a $200 special assessment. To date, Lassiter has paid the special assessment and a total of $290.18 in restitution. The current restitution balance is $397,909.82. The defendant remains in federal custody and is currently housed at FCI Elkton in Lisbon, Ohio.  He is scheduled to be released in February, 2026.

The Financial Litigation Unit of the U.S. Attorney's Office learned that the defendant has $2,154.56 in his Bureau of Prisons (BOP) inmate trust account.[1] Though the funds belong to Lassiter, the BOP has possession, custody, or control of them, and maintains them in accordance with the regulations noted below. The

---

[1] The purpose of inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id*. Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account.  28 C.F.R. § 540.23.

government seeks their turnover.

He recently filed a Motion for Compassionate Release (ECF No. 34); the government having filed its Response on June 2, 2020 (ECF No. 37). Regardless of the outcome, his obligation to pay restitution or the granting of the relief requested herein will not be affected.

### Argument

Under the Crime Victim Rights Act (CVRA), crime victims are entitled to full and timely restitution as provided by law. 18 U.S.C. § 3771(a)(6).

Under 18 U.S.C. § 3613(c), a lien securing payment of restitution arose at sentencing that attaches to all non-exempt property and property rights of the defendant, including the defendant's interest in funds held by the BOP in his inmate trust account.

Under 18 U.S.C. § 3613(a) the government is empowered to enforce payment of restitution using the means specified in the Federal Debt Collection Procedure Act (FDCPA) (28 U.S.C. § 3001, et. seq.), and all available and reasonable means to collect restitution). 18 U.S.C. § 3664(m)(1)(A)(i), (ii). Under 18 U.S.C. § 3613(f) restitution is enforced in the same manner as a fine.

The Mandatory Victims Restitution Act (MVRA) (18 U.S.C.§ 3663A, *et seq.*) requires that: "If a person obligated to provide restitution, or pay a fine,

3

receives substantial resources *from any source*, including inheritance, settlement, or other judgment, during a period of incarceration, such person *shall be required* to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added).

Because the funds in the inmate trust account are in the possession of the government through its agency, the BOP, and are subject to a lien in favor of the government, submission of a turnover order is lawful and appropriate, without the necessity of any other collection action, e.g., garnishment, attachment or execution. "Section 3664(n) is a self-executing provision as long as the government shows that a person obligated to provide restitution receives "substantial resources" while incarcerated." *United States v. Korbe,* No. 09-cr-0005-NR, 2020 WL 1929256, *3 (Apr. 21, 2020, WD Penn.) (citation omitted) (copy attached as Exhibit A).

The money in the defendant's inmate trust account is both "substantial" as to amount and constitutes a "substantial resource[] from any source." *United States v. Korbe,* 2020 WL 1929256 at *4 (collecting cases for both propositions). The funds must be applied to the outstanding restitution obligation. *Id.* at 5.

The defendant cannot claim an exemption under 18 U.S.C. § 3613(a)(1), as cash is not specified as property exempt from payment of restitution under the

4

statute.

Nor does any payment schedule Lassiter has through the IFRP, Judgment, ECF No. 13 at 3, require the government to give notice of or demonstrate a material change in economic circumstances under 18 U.S.C. § 3364(k) before invoking § 3664(n). *United States v. Korbe,* 2020 WL 1929256 at *3 (citations omitted.)

Convicted of serious offenses, Lassiter is scheduled to remain in prison until 2026, unless granted compassionate release under his recent motion. Except for a few negligible payments since 2013, Lassiter has not paid restitution to the victims of his crimes while incarcerated, even though they are entitled to all of the funds held in his inmate trust account. Without grant of the requested relief, the BOP will have to allow Lassiter access to the funds. He will then have the opportunity to dissipate, conceal, or transfer them to the further detriment of his victims.

Lassiter is being served with a copy of the Combined Motion and Brief. The government is not aware of any other parties who have an interest in the funds in the inmate trust account.

The government asks that Court enter the accompanying Order Authorizing Payment from Inmate Trust Account, copy attached as Exhibit B, to the Clerk of the Court–for

the Bureau of Prisons to turn over the funds for payment of restitution under 18 U.S.C. § 3664(n).

          Respectfully submitted,

          MATTHEW SCHNEIDER
          United States Attorney

          <u>s/T. N. Ziedas</u>
          T. N. ZIEDAS, (P34653)
          Assistant United States Attorney
          211 W. Fort Street, Ste. 2001
          Detroit, MI 48226 (313) 226-9573
          peter.ziedas@usdoj.gov
          (P34653)

Dated: June 3, 2020

## CERTIFICATE OF SERVICE

I certify that on June 3, 2020, Paralegal Sharon Bailey filed the Combined Motion and Brief to Authorize Payment from Inmate Trust Account to the Clerk of the Court with the Court's electronic filing system, which system will send notice to all counsel of record. I hereby certify that a copy of this document was mailed to the defendant via first class mail to the following address:

John Lassiter Reg # 48432-039
FCI  Elkton
P.O. Box 10
Lisbon, OH 44432

                                                            By:    s/T. N. Ziedas
                                                                       T. N. ZIEDAS, (P34653)
                                                                       Assistant United States Attorney
                                                                       U. S. Attorney's Office
                                                                       211 W. Fort Street, Ste. 2001
                                                                       Detroit, MI 48226 (313) 226-9573
                                                                       peter.ziedas@usdoj.gov.