UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

JOHN DEMPSEY LASSITER,

    Defendant.
_____/

Case No. 13-20476

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING THE GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT (Dkt. 40)**

This matter is before the Court on the Government's motion to authorize payment from Defendant John Dempsey Lassiter's inmate trust account (Dkt. 40). For the reasons that follow, the Court grants the Government's motion.

**I. BACKGROUND**

On June 25, 2013, Lassiter pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(d), and to brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Judgment (Dkt. 15). He was sentenced on November 12, 2013, to a total of 15 years' imprisonment and was ordered to pay $398,200 in restitution, as well as a special assessment of $200. Id. With respect to the payment of restitution, the Court specifically ordered Lassiter's participation in the Inmate Financial Responsibility Program ("IFRP") and compliance with the payment schedule of that program. Id. The Government represents that Lassiter has paid the special assessment and $290.18 in restitution, leaving a restitution balance of $397,909.82. Mot. at 2.

The Government learned that Lassiter received a check on April 9, 2020, in the amount of $5,849.52, with the word "Inheritance" written in the memo portion. 4/9/20 Check, Ex. A to Reply (Dkt. 45-2). A Bureau of Prisons ("BOP") withdrawal report reflects that on May 12, 2020, Lassiter made a $3,000 payment, designated as a gift, to his sister, Elise Coleman. Inmate Withdrawal Report, Ex. C to Reply (Dkt. 45-4). Nevertheless, the Government maintains that Lassiter continues to hold $2,154.56 in his BOP inmate trust account. Mot. at 2. The Government seeks the turnover of these funds, less $100 that would remain in Lassiter's account, in partial satisfaction of Lassiter's restitution obligation.

## II. ANALYSIS

The Crime Victim Rights Act provides that victims of a defendant's crime are entitled to "full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). To this end, 18 U.S.C. § 3613 sets forth procedures and remedies to enforce criminal monetary penalties. Under the statute, a sentence imposing restitution causes a lien to arise in favor of the Government "on all property and rights to property of the person fined . . . ." 18 U.S.C. § 3613(c). "The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." Id. And § 3613(a) provides that the Government may enforce payment of restitution in accordance with federal and state law.

The Mandatory Victims Restitution Act ("MVRA") further requires that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). This provision is self-executing, meaning that a defendant's receipt of "substantial resources" while incarcerated triggers an automatic payment requirement. See United

2

States v. Korbe, No. 2:09-cr-0005, 2020 WL 1929256, at *3 (W.D. Pa. Apr. 21, 2020) (citing United States v. Bratton-Bey, 564 F. App'x 28, 29 (4th Cir. 2014)). Thus, many courts have authorized the turnover of funds under § 3664(n). Id. (collecting cases).

Some courts have held that § 3664(n) may be applied to compel restitution payments only when the judgment requires immediate payment of the full sum owed or sets forth a flexible payment plan. United States v. Armstrong, No. 09-cr -135, 2020 WL 136289, at *6 (D.D.C. Jan. 13, 2020). In Armstrong, the court declined to order payment from the defendant's trust account under § 3664(n), as doing so would have been inconsistent with the restitution order limiting payment to $50 per quarter during the defendant's term of incarceration. Id. at *6-7. Other courts, however, have held that a defendant's participation in an IFRP payment schedule does not foreclose courts from ordering payment of funds under § 3664(n). See, e.g., United States v. Brewer, 699 F. App'x 318, 319 (5th Cir. 2017) (affirming order requiring payment of $4,000 in funds under § 3664(n), as "[p]articipation in the IFRP and compliance with a payment schedule does not preclude[ ] the Government from using other available collection mechanisms to seek payment of monetary penalties").

Here, as distinguished from Armstrong, the judgment ordering restitution does not limit Lassiter's monthly payments to a fixed sum. While the judgment required Lassiter's participation in an IFRP and approved the payment schedule of the program, it did not foreclose the possibility of requiring additional payments as appropriate. See United States v. Brewer, No. 96-CR-294-K, 2016 WL 6652996, at *4, (N.D. Tex. Oct. 21, 2016), report and recommendation adopted, 2016 WL 6650948 (N.D. Tex. Nov. 10, 2016) (granting a motion under § 3664(n) to allow seizure of inheritance placed in Inmate Trust Account where restitution order required payments of "at least $150" monthly). Further, the IFRP payment schedule requires only modest monthly payments in

recognition of the reality that Lassiter, whose financial means are typically limited to the $35 per month that he earns from his prison job, is unable to meet higher monthly payment demands. However, Lassiter's participation in an IFRP payment plan should not prevent victims and the government from recovering restitution from an unforeseen windfall. As indicated above, § 3664(n) was designed to trigger an automatic payment requirement when a windfall becomes suddenly available to a defendant. See Korbe, 2020 WL 1929256, at *3-4.

Consequently, the Court finds that Lassiter's possession of $2,154.56 constitutes a "substantial resource" that he is required to turn over under § 3664(n). See United States v. Poff, No. CR09-0160, 2016 WL 3079001, at *6 (W.D. Wash. June 1, 2016), vacated and remanded on other grounds, 781 F. App'x 593 (9th Cir. 2019) (holding that $2,663.05 constituted "substantial resources" under § 3664(n)).

Alternatively, the turnover of Lassiter's funds is authorized under 18 U.S.C. § 3664(k). Under § 3664(k), "[a] district court has discretion to modify an order of restitution when there is a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" United States v. Grigsby, 665 F. App'x 701, 706 (10th Cir. 2016) (quoting 18 U.S.C. § 3664(k)). A material change may be brought to a court's attention by the government, the defendant, or the victim. Id. Upon receipt of such notice, "the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). Before the district court adjusts the payment schedule, the Attorney General generally must certify to the court that the victim has been notified of the defendant's changed circumstances. Grigsby, 665 F. App'x at 706.

The Government has notified the Court of Lassiter's possession of $2,154.56, which constitutes a material change in his economic circumstances justifying the immediate payment in partial satisfaction of his restitution obligations. See United States v. Dye, 48 F. App'x 218, 220-221 (8th Cir. 2002) (affirming the district court's determination that a defendant's possession of $1,261 in cash and of computer equipment worth $1,600 constituted a material change warranting distribution of those assets under § 3664(k)); Armstrong, 2020 WL136289, at *8 (finding a defendant's possession of nearly $4,300 to constitute a "material change" under § 3664(k)). Thus, Lassiter's restitution payment schedule shall be adjusted to require a payment of the funds in his prison trust account, less $100, to satisfy part of his outstanding restitution obligation.

Although the Government has not certified that the victims owed restitution were notified of this change in Lassiter's economic circumstances, as required under § 3664(k), any lack of notice is immaterial under the present circumstances. The MVRA incorporates several provisions intended to protect victims' interests, such as the right to receive notice of proceedings involving restitution. See United States v. Haley, No. CR06-314RSL, 2008 WL 644847, at *1 (W.D. Wash. Mar. 4, 2008) ("The MVRA enumerates several provisions to protect victims' interests, such as victims' rights to receive notice of the proceedings and to request amending the restitution order for an increased amount."). Where, as here, the change in circumstances will result in the speedier payment of restitution owed to the victims, their rights are clearly not prejudiced, even if they did not receive notice.

### III. CONCLUSION

For the reasons discussed above, the Court grants the Government's motion to authorize payment from Lassiter's inmate trust account (Dkt. 40). The BOP is authorized to retain $100 in the inmate trust account for Lassiter, while the remaining funds shall be made payable to and

delivered to the Clerk of Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette, 5th Floor, Detroit, MI 48226 Attn: Financial, referencing the name John Lassiter and Case No. 13-cr-20476. Lassiter's restitution payments shall otherwise continue to be limited to the payment schedule set forth by the IFRA during his term of incarceration.

The Clerk of Court shall disburse said funds forthwith in accordance with the restitution provisions in Case No. 13-20476.

SO ORDERED.

Dated: February 10, 2021  
     Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 10, 2021.

s/Karri Sandusky  
KARRI SANDUSKY  
Case Manager